UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

TODD'S POINT MARINA, LTD.,        *
                                  *
        Plaintiff                 *
                                  *
    v.                            *       Civ. No. 96-2270 (PG)
                                  *
ANTONIO ROJAS d/b/a VENUS MARITIME AND  *
COMET LINES, INC.                 *
                                  *
        Defendants                *
                                  *
* * * * * * * * * * * * * * * * * * * * * *

## OPINION & ORDER

As part of its responsibility for managing its docket, this Court has revisited the file of this case and notes the following chronology of events:

1. *October 18, 1996*: Case is transferred from the Southern District of New York. (Dkt. 1)
2. *March 26, 1997*: A motion by Todd's Point Marina, Ltd. for Antonio Bird, Jr. to withdraw as attorney is filed, which the Court later granted. (Dkt. 5)
3. *April 1, 1997*: Status conference held, where Attorney Harry Ezratty indicates that plaintiff will request default be entered against defendant. (Dkt. 6)
4. *April 2, 1997*: Notice of Default is filed by Todd's Point Marina, Ltd. (Dkt. 7)
5. *April 4, 1997*: Amended Notice of Default is filed by Todd's Point Marina, Ltd. (Dkt. 9) The Court noted the submissions.
6. *June 6, 1997*: A letter which the Court ruled be filed as a Motion to Inform is sent by Todd's Point Marina, Ltd. regarding the status of the application for default. (Dkt. 10)

### DISCUSSION

No action has been taken in this case since June 17, 1997, when the Court issued a margin order ruling that a letter sent by Todd's Point Marina, Ltd. be filed as a Motion to Inform. After nearly three years on inactivity, the Court puts this case to rest.




AO 72A
(Rev.8/82)

Civ. No. 96-2270(PG)                                                                                                                    2.

It is the plaintiff's responsibility to develop and prosecute its own case. This Court has the responsibility "to achieve the orderly and expeditious disposition of cases," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Therefore, pursuant to this "court['s] . . . unquestionable authority to dismiss a case with prejudice for want of prosecution in order to prevent undue delay in the disposition of pending cases, docket congestion and the possibility of harassment of defendant," *Jardines Ltd. Partnership v. Executive Homesearch Realty Serv. Inc.*, 178 F.R.D. 365 (D.P.R. 1998); *see also Zavala-Santiago v. González-Rivera*, 553 F.2d 710 (1st Cir. 1977), the Court **DISMISSES** the case **WITH PREJUDICE**. This Court's docket is congested enough and there is no place for plaintiffs who sit back and waste the Court's valuable time.

**WHEREFORE**, the above captioned case is hereby **DISMISSED with prejudice.**

**IT IS SO ORDERED**.

San Juan, Puerto Rico, May 17, 2000.

JUAN M. PEREZ-GIMENEZ
U. S. District Judge

AO 72A
(Rev.8/82)